IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENERAL PROTECHT GROUP, INC.,
f/k/a ZHEJIANG DONGZHENG
ELECTRICAL, CO.; G-TECHT
GLOBAL CORPORATION;
SECURELECTRIC CORPORATION;
WAREHOUSE-LIGHTING.COM LLC;
CENTRAL PURCHASING, LLC; and
HARBOR FREIGHT TOOLS USA, INC.,

      Plaintiffs,

vs.                                                      No. CIV 10-1020 JB/LFG

LEVITON MANUFACTURING CO., INC.,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Defendant Leviton Manufacturing Co., Inc.'s Motions for Clarification and Stay of Preliminary Injunction and Request for Expedited Consideration, filed December 1, 2010 (Doc. 44). The Court held a telephonic hearing on December 2, 2010. The primary issues are: (i) whether the Court should hold an expedited hearing on Defendant Leviton Manufacturing Co., Inc.'s motions, and/or order expedited briefing and consideration of its motions; (ii) whether the Court should clarify its Memorandum Opinion and Order, filed November 30, 2010 (Doc. 21)("Nov. 30 MOO"), to make clear that it orders Leviton to move to dismiss only its claims against the Plaintiffs premised on ground fault circuit interrupter ("GFCI") products made by Plaintiff General Protecht Group, Inc. ("GPG") and not by any other manufacturer; (iii) whether the Court should clarify its language in its Nov. 30 MOO to make clear that Leviton must move to withdraw its claims against the Plaintiffs in In re Certain Ground Fault Circuit Interrupters and Products Containing Same, Investigation No. 337-TA-739, filed on or about

September 3, 2010 in the International Trade Commission ("ITC"), and in <u>Leviton Manufacturing Co., Inc. v. Fujian Hongan Elec. Co.</u>, Case No. 3:10-cv03961-WHA, filed on or about September 3, 2010 in the United States District Court for the Northern District of California, but that it recognizes that Leviton cannot unilaterally dismiss its claims against the Plaintiffs; (iv) whether the Court should stay its Nov. 30 MOO pending appeal; and (v) whether the Court should stay its Nov. 30 MOO pending the United States Court of Appeals for the Federal Circuit's decision on Leviton's motion to stay. The Court will hold an expedited hearing and will decide as soon as possible Leviton's motion. The Court will clarify the language in its Nov. 30 MOO, but will deny Leviton's requests that it stay its Nov. 30 MOO pending appeal or, alternatively, pending the Federal Circuit's decision on Leviton's motion to stay.

## PROCEDURAL BACKGROUND

On November 2, 2010, the Plaintiffs moved the Court for a temporary restraining order and a preliminary injunction to enjoin Leviton from taking any further action to prosecute or litigate any claims of patent infringement in the ITC or in the District Court for the Northern District of California. <u>See</u> Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, filed November 2, 2010 (Doc. 5). The Court held a hearing on this motion on November 16, 2010. On November 30, 2010, the Court issued a Memorandum Opinion and Order, granting the Plaintiffs' request for a preliminary injunction and denying the Plaintiffs' request for a temporary restraining order.

On December 1, 2010, Leviton filed a motion, requesting expedited consideration and seeking clarification of the Court's Nov. 30 MOO and a stay of the preliminary injunction pending appeal or, alternatively, pending the Federal Circuit's decision on Leviton's motion to stay. The Court held a telephonic hearing on this motion on December 2, 2010. The Plaintiffs did not ask to

file a brief in response to Leviton's motion; their only response to the motion was made at the December 2, 2010 telephonic hearing.

During the telephonic hearing, Leviton stated that it believed it could obtain a ruling on its appeal of the Court's issuance of a preliminary injunction in about six months, if it asked the Federal Circuit for expedited consideration. Leviton also asserted that it believed that it could obtain an order from the Federal Circuit on its motion to stay within three or four weeks. The Plaintiffs asserted that it would likely take the Federal Circuit longer than three or four weeks to rule on Leviton's motion to stay, because of the holiday season.

## ANALYSIS

There not being any objection from the Plaintiffs, the Court will consider Leviton's motion on an expedited basis. The Court will also clarify the language in its Nov. 30 MOO. The Court will deny, however, Leviton's motion for a stay of the Court's Nov. 30 MOO pending an appeal. The Court will also deny Leviton's motion for a stay of the Court's Nov. 30 MOO pending the Federal Circuit's decision on Leviton's motion to stay.

### I. THE COURT WILL GRANT LEVITON'S REQUEST FOR EXPEDITED CONSIDERATION.

Leviton requested that the Court decide its motions for clarification and stay of preliminary injunction on an expedited basis. The Plaintiffs did not ask to brief the issues raised in Leviton's motions; their only response to Leviton's motion was made during the telephonic hearing on December 2, 2010. There not being any objection from the Plaintiffs, the Court will consider Leviton's motion on an expedited basis.

### II. THE COURT WILL CLARIFY THE LANGUAGE IN ITS NOV. 30 MOO.

The Court will grant Leviton's request that it clarify the language in its Nov. 30 MOO to

make clear that it orders only dismissal of Leviton's claims against the Plaintiffs premised on GFCI products made by GPG and not those claims against the Plaintiffs premised on GFCI products made by any other manufacturer. The Court will also grant Leviton's request that it clarify the language in its Nov. 30 MOO to make clear that Leviton need only move, in complete good faith and with due diligence, to withdraw its claims in the ITC action and that the Court does not expect it to unilaterally dismiss its claims in the ITC action.

The Court orders Leviton to move to withdraw its Complaint filed in the ITC action as to the Plaintiffs to the extent that Leviton's claims are based on any GFCI products made, used, offered for sale, sold, or imported in the United States by GPG, and move to terminate the ITC action as to the Plaintiffs to the extent that Leviton's claims are based on any GFCI products made, used, offered for sale, sold, or imported in the United States by GPG, within six business days of the entry of this Memorandum Opinion and Order. The Court orders Leviton to move to dismiss its claims against the Plaintiffs asserting U.S. Patent Nos. 7, 463,124 ("the '124 patent") and 7,764,151 ("the '151 patent") to the extent that Leviton's claims are based on any GFCI products made, used, offered for sale, sold, or imported in the United States by GPG in the action in the United States District Court for the Northern District of California pursuant to rule 41(a)(1)(A) of the Rules of Civil Procedure within six business days of the entry of this Memorandum Opinion and Order. The Court will not hold Leviton in contempt if either the ITC or the District Court for the Northern District of California do not grant Leviton's motion to withdraw its claims. The Court expects Leviton, however, to make a good faith effort to secure dismissal of its claims in the ITC action and in the action in the District Court for the Northern District of California that are based on GFCI products made, used, offered for sale, sold, or imported in the United States by GPG.

**III.   THE COURT WILL DENY LEVITON'S REQUEST FOR A STAY PENDING APPEAL.**

The Court will deny Leviton's request for a stay of the Court's Nov. 30 MOO pending appeal.  Rule 8(a)(1) of the Federal Rules of Appellate Procedure states:

A party must ordinarily move first in the district court for the following relief:

(A) a stay of the judgment or order of a district court pending appeal;

(B) approval of a supersedeas bond; or

(C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

Fed. R. Appellate P. 8(a)(1).  The Federal Circuit has stated the standard for whether a court should grant a stay pending appeal.

In deciding whether to grant this motion, we must apply the four factors that always guide our discretion to issue a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

Standard Havens Products, Inc. v. Gencor Industries, Inc., 897 F.2d 511, 512 (Fed. Cir. 1990)(quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).  As the United States Court of Appeals for the Tenth Circuit stated in McClendon v. City of Albuquerque, 79 F.3d 1014 (10th Cir. 1996):

10th Cir. R. 8.1 requires the applicant to address . . . : '(a) the likelihood of success on appeal; (b) the threat of irreparable harm if the stay or injunction is not granted; (c) the absence of harm to opposing parties if the stay or injunction is granted; and (d) any risk of harm to the public interest.

79 F.3d at 1020 (citing Hilton v. Braunskill, 481 U.S. at 776-77).  "When all four factors are balanced, the scale is clearly weighted in favor of a denial of plaintiff's motion for an injunction pending appeal.  In considering plaintiff's motion, it must be remembered that 'a stay pending

-5-

appeal is always an extraordinary remedy.'" Golden Eagle Refining Co. v. United States, 4 Cl. Ct. 622 (1984)(citation omitted).

The Court finds that Leviton has not made a sufficient showing that it is likely to succeed on appeal. Leviton contends that the Court's Nov. 30 MOO is "erroneous on several grounds that form a basis for reversal on appeal." Defendant Leviton Manufacturing Co., Inc.'s Memorandum of Law in Support of its Motions for Clarification and Stay of Preliminary Injunction and Request for Expedited Consideration at 6, filed December 1, 2010 (Doc. 45)("Memorandum"). Most of Leviton's arguments restate arguments that it made in its response to the Plaintiffs' motion for injunctive relief. Leviton argues that the Court's Nov. 30 MOO did not correctly recognize and apply the distinction between Jacobs v. Nintendo of Am., Inc., 370 F.3d 1097 (Fed. Cir. 2004), and Transcore, LP v. Electronic Transaction Consultants Corp., 563 F.3d 1271 (Fed. Cir. 2009), and that the Federal Circuit will either recognize and clarify the distinction between the decisions, or find that the decisions inconsistent and overrule or modify one or the other. See Memorandum at 6. The Court's analysis regarding the interplay between the Jacobs v. Nintendo of Am., Inc. and Transcore, LP v. Electronic Transaction Consultants Corp. decisions is set forth in its Nov. 30 MOO. The Court believes that the two decisions are not inconsistent and that it correctly applied the law as stated in those two decisions. The Court thus does not believe that Leviton has made a sufficient showing that it is likely to be successful on appeal on this ground.

Leviton also contends that the Court's Nov. 30 MOO improperly analyzed section 4.1 of the Confidential Settlement Agreement, filed November 2, 2010 (Doc. 8-1)("CSA"). Leviton's argument in its motion does no more substantively than restate an argument it made in its response to the Plaintiffs' motion for injunctive relief. The Court did not find Leviton's argument persuasive, as set forth in its Nov. 30 MOO. The Court does not believe it erred in its analysis or that Leviton

will likely prevail on the merits of this ground on appeal.

Leviton argues that the Court's Nov. 30 MOO incorrectly found that it was likely that the Plaintiffs have an implied license to the '124 and '151 patents, and that the implied license is not likely limited to the dominating claims of the '124 and '151 patents. This argument restates an argument Leviton made in its response to the Plaintiffs' motion for injunctive relief. In its Nov. 30 MOO, the Court found that, if the Plaintiffs' implied license was limited to the claims of the '124 and '151 patents that dominate the '558 and '766 patents, the implied license would inadequately reflect the benefit of the bargain that they obtained in the CSA. The Court does not believe its finding was in error.

Leviton also contends that the Court's Nov. 30 MOO erroneously found that the Plaintiffs demonstrated that their products currently subject to Leviton's patent infringement allegations fall within the categories of licensed products in the CSA. This argument restates an argument Leviton previously made in its response to the Plaintiffs' motion for injunctive relief. In its Nov. 30 MOO, the Court found that the Plaintiffs had sufficiently carried their burden of proof that they likely had an implied license to the '124 and '151 patents through submission of a sworn declaration and the CSA. The Plaintiffs recently sent a letter to the Court stating that an investigation revealed that Central Purchasing, LLC and Harbor Freight Tools USA, Inc. made one purchase of GFCI products from a manufacturer other than GPG. The Court's clarification of its language in its Nov. 30 MOO reflects the information revealed in this investigation. The Court does not believe that Leviton has sufficiently shown that it is likely to be successful on appeal on these grounds.

Leviton contends that the Court incorrectly found that the Plaintiffs will suffer irreparable harm absent a preliminary injunction, and did not correctly consider the balance of harms and the public interest impact of its decision. These arguments restate arguments Leviton made in its

response to the Plaintiffs' motion for injunctive relief. The Court addressed and rejected these arguments in its Nov. 30 MOO. In its Nov. 30 MOO, the Court addressed the differences between an action at the ITC and an action in the United States District Court for the District of New Mexico, and found that, for all practical purposes, Leviton could obtain the same relief in the District of New Mexico as it could in the ITC. The Court found that the Plaintiffs would likely suffer irreparable harm absent injunctive relief, because they would be deprived of their bargained-for forum and they would suffer the hardships of litigating on two fronts. The Court also found that its issuance of injunctive relief would not detrimentally impact the ITC investigation. After careful consideration of these factors and of the likelihood the Plaintiffs would succeed on the merits, the Court found that the balance of equities weighed in the Plaintiffs' favor. The Court does not believe that Leviton has sufficiently shown that it will likely be successful on appeal on these grounds.

Leviton contends that the Court did not properly consider the possibility that the CSA was ambiguous, and that parol evidence supports a finding that the parties did not intend for the CSA to extend to patents other than the '558 patent and the '766 patent. See Memorandum at 6. In Leviton's response to the Plaintiffs' motion for injunctive relief, Leviton stated that "the language of the [CSA] is quite clear and thus, sufficient to resolve this issue." Defendant Leviton Manufacturing C., Inc.'s Memorandum of Law in Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction at 14, filed November 12, 2010 (Doc. 18). Leviton later stated, however, that, to the extent that the Court found that the CSA's language is ambiguous, extrinsic evidence demonstrates that the parties anticipated litigation involving the '558 and '766 patents when they executed the CSA. In its Nov. 30 MOO, the Court found that the CSA's language was not ambiguous, in that it contemplated future litigation on other products, but not on the products licensed in the CSA. New Mexico law allows courts to consider "collateral evidence of

the circumstances surrounding the execution of the agreement in determining whether the language of the agreement is unclear." Mark V, Inc. v. Mellekas, 114 N.M. 778, 781, 845 P.2d 1232, 1236 (1993). The evidence to which Leviton directed the Court's attention, an electronic-mail transmission between counsel, did not show that the CSA's language was unclear or ambiguous. In the electronic-mail transmission, GPG's counsel stated that GPG could not give up a defense to a possible future lawsuit based on Leviton's alleged inequitable conduct during prosecution of the application that matured into the '766 patent, because the facts of any future litigation either would or would not support such a defense. Leviton's covenant not to sue was limited to the licensed products. This evidence appears to support the inference that the Plaintiffs did not wish to covenant not to raise this defense to the '766 patent, when Leviton was still free to bring lawsuits under the '766 patent on other products. This evidence does not appear to show that the CSA's language is ambiguous. Instead, this evidence appears to be consistent with the Court's interpretation of the CSA, which the Court found contemplated possible litigation under the '766 patent on other products and not on the licensed products. The Court therefore does not believe that Leviton has made a strong showing that it is likely to succeed on the merits on an appeal on this ground.

Leviton also contends that the Court's Nov. 30 MOO erroneously found that the CSA's forum selection clause was applicable. See Memorandum at 8. Leviton contends that "Tenth Circuit law indicates that the California district court rather than this Court should have considered this issue in the first instance." Memorandum at 8. Leviton did not raise this argument or mention the case upon which it relies -- Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161 (10th Cir.) -- in its briefing regarding the Plaintiffs' motion for injunctive relief. Leviton also did not raise this argument, or mention Hospah Coal Co. v. Chaco Energy Co., during the hearing regarding the Plaintiffs' motion for injunctive relief. In Hospah Coal Co. v. Chaco Energy Co., the Tenth Circuit

held that a declaratory judgment action could not be used as a "substitute for the rules of civil procedure in response to a pending lawsuit." 673 F.2d at 1164. In that case, several parties filed suit in Texas, and the opposing parties filed an action in New Mexico, seeking an injunction on the grounds that an agreement between the parties contained a venue selection clause placing venue in New Mexico. See 673 F.2d at 1162. The district court issued a preliminary injunction, enjoining the parties from proceeding further in the action in Texas, and the defendants in the New Mexico action appealed. See 673 F.2d at 1162. The Tenth Circuit stated that the parties who sought declaratory relief

> totally ignore[d] the requirements of [rule 12(b) of the Federal Rules of Civil Procedure, through which they could have asserted a defense of improper venue] and failed to avail themselves to the procedures outlined in [28 U.S.C. § 1404(a)][;] [i]nstead they went directly to the New Mexico court and asked for an injunction.

673 F.2d at 1164. The Tenth Circuit therefore denied the motion to reinstate the preliminary injunction. See 673 F.2d at 1165. The Court is not convinced that this decision is controlling in this matter. In this case, the action in the Northern District of California has been stayed pending an outcome in the ITC action. Because the action in the Northern District of California is stayed, the Plaintiffs cannot, at this time, raise a defense of improper venue under rule 12(b) or move for a change of venue without leave from that court to do so. Moreover, even if the Court had not granted the Plaintiffs any relief as to the California case, there does not appear to be any barrier to the Court enjoining Leviton proceeding in the ITC action, on which the California case currently holds. The Court therefore believes that Hospah Coal Co. v. Chaco Energy Co. is distinguishable from this matter and that it did not err in deciding that the Plaintiffs showed that the forum selection clause was likely applicable. Hospah Coal Co. v. Chaco Energy Co. is also distinguishable because the real issue in this matter was whether the pending action in the ITC based on GFCI products made

by GPG should continue.  The Court therefore does not believe that Leviton has made a strong showing that it is likely to succeed on the merits on an appeal on this ground.

Leviton contends it will be irreparably harmed absent a stay of the Court's Nov. 30 MOO, because the relief it is seeking at the ITC is unique to that forum.  See Memorandum at 9.  Leviton argues that it can obtain unique relief in the ITC action, because, in that forum, it can quickly obtain an exclusion order at the ITC and it can obtain substantial civil penalties should there be a violation of the exclusion order.  See Memorandum at 9.  Leviton contends that, if it prevails on appeal without a stay, it will likely have to file another ITC action and will lose the months of potential relief in the form of an ITC exclusion order.  See Memorandum at 9-10.  At the hearing, the Plaintiffs asserted that Leviton will not suffer irreparable harm absent a stay, because it can always re-file the ITC action and collect damages if it ultimately prevails on its view that there is no implied license.  In its Nov. 30 MOO, the Court addressed whether the ITC offered unique relief.  The Court found that, for all practical purposes, Leviton could obtain the same relief in a district court as it could obtain in the ITC, see Ciena Corp. v. Nortel Networks Inc., 2005 WL 1189881, at * 8 ("This injunction will not work a material hardship to Ciena, as for all practical purposes, this Court can grant Ciena any relief it could have obtained in the ITC."), with the exception of the automatic Customs Service enforcement of an exclusion order that the ITC issues, see Texas Instruments Inc. v. Tessera, Inc., 231 F.3d at 1230 ("[A] patentee must . . . request[ ] the U.S. Customs Service to enforce [a] district court judgment [respecting infringing imports] by seizing the . . . goods.  In the ITC, the patentee may not seek money damages, but the ITC automatically enforces its judgment by directing the U.S. Customs Service to seize any infringing imports." (internal citation omitted)). If Leviton prevails on appeal, it can file another action in the ITC.  If it prevails in the ITC action, it will be able to obtain an exclusion order and obtain seizure of any infringing products.  Leviton

-11-

may lose several months of potential relief if it prevails on appeal, re-files its action in the ITC, and then prevails in the ITC action. Although Leviton may thus be harmed if it is successful on appeal and has to re-file its action in the ITC, the Court has found that Leviton did not sufficiently show that it would likely succeed on appeal. The Court therefore finds that, although this factor might weigh in Leviton's favor, it does not weigh heavily in Leviton's favor.

At the hearing, the Plaintiffs contended that a stay of the Court's Nov. 30 Memorandum Opinion and Order will inflict irreparable harm on them, because the deadlines in the ITC action are fast approaching, and, if the Court's Nov. 30 MOO is stayed, they will have to comply with the deadlines in the ITC action, such as serving substantive responses to discovery. While Leviton says it will continue to grant the Plaintiffs an extension of time to respond to its discovery requests in the ITC action, at some point, with the current ITC deadlines, the Plaintiffs will need to do their own discovery in the ITC proceeding; competent and reasonable counsel cannot wait forever. In the Court's Nov. 30 MOO, the Court found that the Plaintiffs would likely suffer irreparable harm absent a preliminary injunction, because they will be deprived of their bargained-for forum, and they will suffer the hardships of litigating on two fronts. Issuing a stay of the Court's Nov. 30 MOO pending appeal, which will, according to Leviton, take at least six months, would put the Plaintiffs in the same position that they would have been in absent the Court's issuance of injunctive relief, and will mean that the Plaintiffs will conduct at least six more months of litigation at the ITC, at which time the ITC action will nearly be finished. The Court therefore finds that the Plaintiffs would likely be injured if it stays its Nov. 30 MOO.

Leviton contends the public interest supports the ITC investigation including all parties, because should it "prevail on its appeal not only will [it] be forced to incur substantial and duplicative expenditures of time and effort, but the ITC will as well." Memorandum at 11. The ITC

investigation regarding other entities will continue after Leviton moves to dismiss its claims against the Plaintiffs. If Leviton prevails on its appeal, both Leviton and the ITC, may incur duplicative expenditures of time and effort to a certain extent. Upon balancing these factors, and weighing the equities, however, the Court believes that the equities weigh in the Plaintiffs' favor. Leviton did not make a strong showing that it was likely to succeed on appeal, and the Plaintiffs will suffer injury if the Court stays its Nov. 30 MOO. Although Leviton may suffer some harm absent a stay, and although Leviton and the ITC may incur duplicative expenditures if Leviton is successful on appeal, the Court does not believe that Leviton's showings on these factors outweigh its failure to sufficiently show its likely success on appeal and the harm to the Plaintiffs if the Court issued a stay. Because the Court believes that all of the factors, taken together, weigh in the Plaintiffs' favor, the Court will deny Leviton's request for a stay pending appeal to the Federal Circuit. See Golden Eagle Refining Co. v. United States, 4 Cl. Ct. at 624 ("When all four factors are balanced, the scale is clearly weighted in favor of a denial of plaintiff's motion for an injunction pending appeal. In considering plaintiff's motion, it must be remembered that 'a stay pending appeal is always an extraordinary remedy.'" (citation omitted)).

## IV. THE COURT WILL DENY LEVITON'S REQUEST FOR A STAY PENDING RESOLUTION OF ITS REQUEST FOR A STAY FROM THE FEDERAL CIRCUIT.

Leviton asks the Court to grant a stay pending resolution of its request for a stay from the Federal Circuit should the Court deny Leviton's motion for a stay pending appeal. See Memorandum at 10. Leviton contends that "[o]nce Leviton complies with th[e] Court's order it will be difficult for it to 'unring the bell' should the Federal Circuit grant Leviton's stay request." Memorandum at 10. Leviton therefore asks the Court to permit it a brief amount of time to move and obtain a ruling on its motion to stay from the Federal Circuit. See Memorandum at 10. Leviton

contends that such a stay will not harm the Plaintiffs, as Leviton will extend the deadlines for the Plaintiffs to respond to any discovery in the ITC action while its motion to stay is pending before the Federal Circuit. See Memorandum at 11. Leviton also contends that there are no substantive deadlines in the ITC investigation during December and that it expects that the Federal Circuit would rule on its motion before early January 2011. See Memorandum at 11.

At the hearing, the Plaintiffs contended that a stay pending a ruling from the Federal Circuit on Leviton's motion to stay would cause irreparable harm to them, because even if the discovery deadlines are postponed in the ITC action, the Plaintiffs will still face discovery deadlines and will need to conduct their own discovery. The Plaintiffs contended that a stay of even three to four weeks would harm them, because the ITC action is in an important period where they need to be conducting discovery and developing their defenses, and that, even during a stay, they will have to consider and prepare their defenses.

The Court will deny Leviton's request for a stay pending its application for a stay from the Federal Circuit. It is possible that, because of the holiday season, the Federal Circuit will take more than three or four weeks to rule on Leviton's motion to stay. The ITC action is fast-moving, and a trial in the ITC action is set for July. Although Leviton states that it will extend the deadlines for discovery for the Plaintiffs while its application for a stay in the Federal Circuit is pending, the Plaintiffs will still be facing trial in about six months, and, even if the discovery deadlines are extended, the Plaintiffs will soon have to consider and prepare their defenses and strategy for trial. The Court therefore believes that the equities balance in favor of the Plaintiffs and will deny Leviton's request for a stay pending its application for a stay.

**IT IS ORDERED** that Defendant Leviton Manufacturing Co., Inc.'s Motions for Clarification and Stay of Preliminary Injunction and Request for Expedited Consideration, filed

December 1, 2010 (Doc. 44) is granted in part and denied in part. The Court will grant Leviton's request that it clarify the language in its Memorandum Opinion and Order, filed November 30 (Doc. 21). The Court orders Leviton to move to withdraw its Complaint filed in <u>In re Certain Ground Fault Circuit Interrupters and Products Containing Same</u>, Investigation No. 337-TA-739, filed on or about September 3, 2010 in the ITC as to the Plaintiffs to the extent that Leviton's claims are based on any GFCI products made, used, offered for sale, sold, or imported in the United States by Plaintiff General Protecht Group, Inc., and move to terminate the ITC action as to the Plaintiffs to the extent that Leviton's claims are based on any GFCI products made, used, offered for sale, sold, or imported in the United States by GPG, within six business days of the entry of this Memorandum Opinion and Order. The Court orders Leviton to move to dismiss its claims against the Plaintiffs asserting the '124 patent and the '151 patent to the extent that Leviton's claims are based on any GFCI products made, used, offered for sale, sold, or imported in the United States by GPG in the action in <u>Leviton Manufacturing Co., Inc. v. Fujian Hongan Elec. Co.,</u> Case No. 3:10-cv03961-WHA, filed on or about September 3, 2010 in the United States District Court for the Northern District of California pursuant to rule 41(a)(1)(A) of the Rules of Civil Procedure within six business days of the entry of this Memorandum Opinion and Order. The Court will not hold Leviton in contempt if either the ITC or the District Court for the Northern District of California do not grant Leviton's motion to withdraw its claims. The Court expects Leviton, however, to make a good faith effort to secure dismissal of its claims in the ITC action and in the action in the District Court for the Northern District of California that are based on GFCI products made, used, offered for sale, sold, or imported in the United States by GPG. The Court will deny Leviton's requests that it stay its Memorandum Opinion and Order pending appeal or, alternatively, pending the Federal Circuit's ruling on its expected motion to stay.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Roger Michener
Michener Law Firm, LLC
Placitas, New Mexico

    *Attorneys for the Plaintiffs*

William F. Long
Ann G. Fort
Joshua D. Curry
Lei Fang
Sutherland Asbill & Brennan, LLP
Atlanta, Georgia

    *Attorneys for Plaintiffs General Protecht Group, Inc.,*
       *SecurElectric Corporation, G-Techt Global Corporation,*
       *and Warehouse-Lighting.com LLC*

Mark J. Rosenberg
Sills Cummis & Gross, P.C.
New York, New York

    *Attorneys for Plaintiffs Harbor Freight Tools USA, Inc.*
       *and Central Purchasing, LLC*

Robin L. Brewer
Stefani E. Shanberg
Wilson, Sonsini, Goodrich & Rosati, P.C.
Palo Alto, California

-- and --

Emil Kiehne
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

--and--

Larry L. Shatzer
Shaun R. Snader
Wilson, Sonsini, Goodrich & Rosati, P.C.
Washington, D.C.

    *Attorneys for Defendant Leviton Manufacturing Co.*