STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION

| | |
|---|---|
| GENERAL PROTECHT GROUP, INC., *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>LEVITON MANUFACTURING CO., INC.,<br><br>    Defendant. | Civ. No. 10-cv-01020-JB-LFG |

## PLAINTIFFS' RESPONSE TO LEVITON'S MOTION TO ESTABLISH SECURITY

No bond under Rule 65(c) is required in this case because the (1) Preliminary Injunction was issued to protect the Court's jurisdiction and (2) Leviton is unlikely to be harmed because the Preliminary Injunction is unlikely to be reversed on appeal, which is shown by this Court's and the Federal Circuit's denials of Leviton's motions to stay the Preliminary Injunction pending appeal.  Alternatively, if a bond is required, Leviton's ludicrous request for $2.7 million to cover the potential costs *and attorney fees* for litigating an ITC action against Plaintiffs does not correspond with the "costs *and damages*" permitted under Rule 65(c).  Leviton's request represents nothing more than an attempt to impose an unfair burden on Plaintiffs.

Attorney fees are *not* "damages" under federal law and thus cannot be included in the Rule 65(c) bond as a matter of law.  Leviton has not alleged that the Preliminary Injunction will cause it any other damages.  The ITC cannot award damages, so the Preliminary Injunction cannot deprive Leviton of them, and this Court can award the same damages that Leviton could obtain in California.  No damages bond is needed.  If the Preliminary Injunction is reversed, it

11106591.1

may cost Leviton an additional $890 in filing and service costs to resume its ITC and California Actions. All of the other costs that Leviton purportedly will incur if it is able to resume its Actions against Plaintiffs are costs that Leviton would have incurred if it had litigated the originally filed Actions against Plaintiffs in the first instance. A bond of $2,000.00 therefore would provide more than sufficient security.

I.     THE COURT HAS WIDE DISCRETION TO FIX THE AMOUNT OF A BOND.

Rule 65(c) of the Federal Rules of Civil Procedure provides that "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." "[A] trial court has 'wide discretion under Rule 65(c) in determining whether to require security.' " *Winnebago Tribe of Nebraska v. Stovall*, 341 F.3d 1202, 1206 (10th Cir. 2003) (quoting *Continental Oil Co. v. Frontier Refining Co.*, 338 F.2d 780, 782 (10th Cir. 1964)).[1] This discretion includes the authority to decline to require any bond for reasons the court considers proper. *See RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1215 (10th Cir. 2009); *Winnebago Tribe*, 341 F.3d at 1206; *Continental Oil*, 338 F.2d at 782.

II.    NO BOND IS NEEDED IN THIS CASE.

    A.    **No Bond Is Necessary Because the Preliminary Injunction Protects the Court's Jurisdiction Over This Dispute.**

No bond is required in this case because the Preliminary Injunction[2] protects this Court's

---

[1] Regional circuit law controls because setting a bond under Rule 65(c) is not a matter unique to the Federal Circuit's exclusive jurisdiction. *See Hupp v. Siroflex of Am., Inc.*, 122 F.3d 1456, 1467–68 (Fed. Cir. 1997).

[2] "Preliminary Injunction" means the Court's Memorandum Opinion and Order (D.N.M. Nov. 30, 2010) [Doc. 41] (hereinafter "PI Order") and Memorandum Opinion and Order

jurisdiction over the dispute between Plaintiffs and Leviton. *See, e.g.*, *Doctor's Associates, Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996); (PI Order 23–24, 46; Stay Order 14–15.) This Court found that the exclusive venue provision in Section 11.2 of the Settlement Agreement[3] was mandatory, requiring Leviton to litigate this dispute with Plaintiffs in this judicial district, and that this venue provision covered the patent-infringement claims that Leviton asserted against Plaintiffs in the ITC and California Actions.[4] (*Id.* at 39–40.) To protect its exclusive jurisdiction over this dispute, this Court enjoined Leviton to dismiss its claims against Plaintiffs in the ITC and California Actions on the GPG products that are covered by the Settlement Agreement. (*Id.* at 44; Stay Order 14–15.)

Other courts that have issued similar preliminary injunctions protecting their jurisdiction have noted that no security is required for such an injunction. For example, in *Doctor's Associates, Inc. v. Stuart*, Stuart sued Doctor's Associates ("DAI") in an Illinois state court concerning DAI's franchise agreement with Stuart. 85 F.3d at 978. The franchise agreement contained a mandatory arbitration clause requiring any dispute "arising out of or relating to" the franchise agreement to be arbitrated in Connecticut. *Id.* DAI therefore filed a second suit and motion for preliminary injunction in U.S. District Court for the District of Connecticut seeking to enjoin Stuart from prosecuting the Illinois case and to compel Stuart to arbitrate in Connecticut. *Id.* The district court enjoined Stuart, but did not require DAI to post a bond. *Id.* On appeal,

---

(D.N.M. Dec. 7, 2010) [Doc. 52] (hereinafter "Stay Order").

[3] The "Settlement Agreement" is attached as Ex. A to the Song Decl. (dated Oct. 29, 2010) [Doc. 8].

[4] The "ITC Action" is *In Re Certain Ground Fault Circuit Interrupters and Products Containing Same*, Inv. No. 337-TA-739 (U.S.I.T.C. complaint filed Sept. 3, 2010). The "California Action" is *Leviton Manufacturing Co., Inc. v. Fujian Hongan Electric Co. Ltd., et.*

Stuart argued that it was error not to require a bond. *Id.* at 985. The Second Circuit disagreed and held that no bond was required because the injunction was entered to protect the district court's jurisdiction. *Id.*; *see also Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (affirming trial court's waiver of bond for injunction prohibiting prosecution of foreign lawsuit and enforcing forum-selection clause); *Magidson v. Duggan*, 180 F.2d 473, 479 (8th Cir. 1950) (no bond needed if injunction protects the court's jurisdiction); *ProBatter Sports, LLC v. Joyner Techs., Inc.*, 463 F. Supp. 2d 949, 958–59 (N.D. Iowa 2006) (foregoing bond where patentee was enjoined from suing manufacturing infringer's customers because injunction preserved the court's jurisdiction over the patent-infringement claims).

### B. No Bond Is Needed Because the Preliminary Injunction is Unlikely to Harm Leviton.

No bond is necessary in this case for the additional reason, as this Court has already found, that the "entry of injunctive relief is unlikely to materially harm Leviton." (PI Order 44.) The Tenth Circuit has held that where "there is an absence of proof showing a likelihood of harm, certainly no bond is necessary" under Rule 65(c). *Continental Oil*, 338 F.2d at 782; *see also RoDa Drilling*, 552 F.3d at 1215; *Coquina Oil Corp. v. Transwestern Pipeline Co.*, 825 F.2d 1461, 1462 (10th Cir. 1987).

This Court has already found that Leviton is not likely to be harmed by the Preliminary Injunction because Leviton can obtain the same relief in this Court as it could obtain in the ITC. (*See* PI Order 44 (citing *Texas Instruments, Inc. v. Tessera, Inc.*, 231 F.3d 1325, 1329 (Fed. Cir. 2000); *Ciena Corp. v. Nortel Networks, Inc.*, No. 05-14, 2005 WL 1189881, at *8 (E.D. Tex.

---

*al.*, No. 10- 3961 (N.D. Cal. complaint filed Sept. 3, 2010).

May 19, 2005); *Freres v. Yucheng Lujian Biological Co., Ltd.*, No. 06-4928, 2009 WL 3135175, at *1–2 (D.N.J. Sept. 25, 2009)).)  Leviton also cannot be harmed by being enjoined to comply with its own agreement to litigate this dispute in this Court.  (*See* PI Order 44); *Ciena*, 2005 WL 1189881, at *8 (injunction requiring dismissal of ITC case could not harm patentee who agreed only to sue in district court).

Leviton is also unlikely to be harmed in this case because the Preliminary Injunction is not likely to be reversed on appeal.  First, the standard of review for the grant of a preliminary injunction —abuse of discretion /clear error— is very high.  *See, e.g.*, *Texas Instruments*, 231 F.3d at 1328–29.  Further, this Court and the Federal Circuit have both denied Leviton's motions to stay the Preliminary Injunction pending appeal, which shows that Leviton is not likely to succeed on the merits of its appeal or to be harmed if the Preliminary Injunction remains in effect pending appeal.  (*See* Stay Order 6–14); *General Protecht Group, Inc. v. Leviton Mfg. Co., Inc.*, No. 11-1115, slip op. 4 (Fed. Cir. Jan. 18, 2011) ("To obtain a stay, pending appeal, a movant must establish a strong likelihood of success on the merits or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor."), attached as Ex. A to Doc. 84.

### III. IF A BOND IS REQUIRED, THE AMOUNT SHOULD BE LIMITED TO LEVITON'S COST OF RESUMING ITS ITC AND CALIFORNIA ACTIONS.

#### A. Attorney Fees Are Not Included In "Costs and Damages" Under Rule 65(c).

The $2.4 million in attorney fees that Leviton requests cannot be part of the Rule 65(c) bond as a matter of law.  Federal law clearly states that that attorney fees are not included in the "costs and damages" provided for in Rule 65(c).  *Heiser v. Woodruff*, 128 F.2d 178, 180 (10th Cir. 1942) ("[T]he United States Courts have consistently held that attorney's fees are not an

element of damages recoverable upon such a [Rule 65(c)] bond."); *Fireman's Fund Ins. Co. v. S.E.K. Construction Co.*, 436 F.2d 1345, 1351–52 (10th Cir. 1971) ("Under federal case law, attorneys' fees . . . are not recoverable" as damages under Rule 65(c)); 19 Federal Procedure § 47.98 (2010 ed.) (the phrase "cost and damages" does not include attorney fees under federal law), attached as Ex. 3 to Snader Decl. (dated Dec. 21, 2010) [Doc. 79].

Leviton's argument for including attorney fees in the Rule 65(c) bond misapplies the law. Both of the cases it cites are distinguishable. *Wilshire Oil Co. of Texas v. Riffe* does not address a bond; it was a state-law damages action seeking to recover attorney fees on a breach-of-fiduciary duty theory. *See* 409 F.2d 1277–78, 1279, 1284–85 (10th Cir. 1969). *Misco Leasing, Inc. v. Keller* also did not address a bond and attorney fees were recoverable under state law. 490 F.2d 545, 546, 549 (10th Cir. 1974). The default rule under federal law remains that attorney fees cannot be included in the Rule 65(c) bond. *See, e.g.*, *Heiser*, 128 F.2d at 179; 19 Federal Procedure § 47.98. None of Leviton's authorities show otherwise.

Even if attorney fees could be part of Leviton's potential damages, Leviton's attorney fees for litigating against Plaintiffs in the ITC are not damages ***caused by*** the Preliminary Injunction and therefore they cannot be part of the Rule 65(c) bond. *See, e.g.*, *Curtis 1000, Inc. v. Youngblade*, 878 F. Supp. 1224, 1277 (N.D. Iowa 1995) (a bond under Rule 65(c) provides fund to compensate a defendant for the "costs and damages" flowing directly from a wrongfully entered injunction); Wright & Miller, *et al.*, 11A Federal Practice & Procedure § 2954 (2d ed. 2010). Whether proceeding before or after the Preliminary Injunction, Leviton must prove up the same patent-infringement claims against Plaintiffs in both of its ITC and California Actions because Plaintiffs are the only parties accused of infringing by selling GPG products. Findings

with respect to other products or entities cannot be applied to Leviton's potential infringement or damages claims against Plaintiffs on the GPG products.  Why should it should cost $2.4 million more in attorney fees to litigate against Plaintiffs in the ITC if the Preliminary Injunction is reversed?  Leviton provides no answer and instead lists the attorney fees it would have spent litigating in the ITC in the first instance.  These fees cannot be damages caused by the Preliminary Injunction if it is reversed, and as noted above, could not serve as the basis for a bond even if the figures were supported by actual data.

      **B.**      **Leviton is Not in Danger of Losing Any Other "Damages" During the Pendency of the Preliminary Injunction.**

Leviton has not shown that a bond for any other damages is needed.  Indeed, it is hard to image what Leviton's other damages may be, and other than unrecoverable attorney fees, Leviton has not identified any other damages that the Preliminary Injunction may cause it.  *See, e.g.*, *Doctor's Associates*, 85 F.3d at 985 (the party seeking a bond has the burden to establish the amount needed).  Leviton will not lose its chance to recover patent-infringement damages because of the Preliminary Injunction.  The ITC cannot award damages, so the Preliminary Injunction cannot deprive Leviton of them.  *Cf.* 19 U.S.C. § 1337(d), (f) (2006); *see also* Donald K. Duvall, *et al.*, Unfair Competition and the ITC § 2:13 (2010 Ed.), relevant part attached as Ex. A to Declaration of Joshua D. Curry (dated Jan. 31, 2011) (hereinafter "Curry Decl.").  In the unlikely event that Leviton ultimately prevails on its patent claims, this Court or the California court can award damages to Leviton to the same extent as if the Preliminary Injunction had never been granted.  *See, e.g.*, *Continental Oil*, 338 F.2d at 783 (no bond required if movant can respond in damages to the enjoined party's substantive claims); *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 539 (6th Cir. 1978) (same); c*f. Guidance Endodonitcs, LLC v.*

*Dentsply Int'l, Inc.*, 663 F. Supp. 2d 1257, 1288–89 (D.N.M. 2008) (Browning, J.) (requiring an injunction bond because movant appeared in danger of becoming insolvent and therefore could not respond in damages to the enjoined party's substantive claims).

      C.      **Leviton's Only "Costs" Potentially Attributable to the Preliminary Injunction Will Be for Resuming Its ITC and California Actions.**

The only additional "costs" that may be imposed on Leviton if the Preliminary Injunction is reversed are the costs of resuming its ITC and California Actions.[5] It costs $350 to file a complaint in district court. *See* 28 U.S.C. § 1914(a) (2006). It would cost about $540 to serve six defendants.[6] (Curry Decl. (dated Jan. 31, 2011) ¶4 & Ex. B.) There is no cost for filing an ITC complaint, and there is no service cost to Leviton in the ITC because the ITC serves its own notice of investigation if one is instituted. *See* 19 C.F.R. 201.16(a), 210.11 (2010). Thus, Leviton's potential costs for resuming its Actions totals $890. More than doubling this amount to $2,000 would be sufficient to protect Leviton if it needed to resume these Actions. *See, e.g.*, *Texas Instruments v. Tessera*, No. 00-2114, slip op. at 1 (N.D. Cal. Mar. 6, 2001) (setting bond of $1,000 for preliminary injunction enjoining patentee from prosecuting ITC action against accused infringer), attached as Ex. E to Curry Decl. (dated Nov. 3, 2010) [Doc. 10].

Leviton "estimates" its costs as $270–405,000 because it includes the full costs associated with prosecuting an ITC action against Plaintiffs. These costs are not directly

---

[5] Both of these Actions remain pending as of January 31, 2011. Thus, Leviton may be able to amend its complaints and may not have to re-file these Actions. But in the event both Actions are dismissed, which appears at least reasonably likely, Leviton would have to re-file these Actions to regain its position prior to the issuance of the Preliminary Injunction.

[6] GPG, a Chinese corporation, waived service in the California Action, thus absolving Leviton of the need to effect service on GPG in China. *See* Waiver of the Service of Summons, attached as Ex. D to Curry Decl. (dated Dec. 13, 2010) [Doc. 57].

attributable to the Preliminary Injunction and therefore are not recoverable.  *See, e.g.*, *Curtis 1000*, 878 F. Supp. at 1277 (the Rule 65(c) bond is to compensate for "costs and damages" flowing directly from a wrongfully entered injunction); 11A Federal Practice & Procedure § 2954.  Leviton, even if not enjoined to dismiss its ITC and California Actions, still would have incurred some costs in prosecuting these Actions in the first instance.  That is because, as noted above with respect to Leviton's attorney fees request, Leviton still would have had to prove its patent-infringement claims against Plaintiffs in the first Actions notwithstanding the Preliminary Injunction.  These original costs cannot be included in the bond and Leviton has not submitted competent evidence to show what *additional* costs it may incur to resume its Actions.

Leviton's cost "estimate" is also highly speculative and lacks sufficient detail to be evaluated.  Leviton estimated its costs as 10–15% of the total amount, including attorney fees, Leviton would pay to litigate an ITC action against Plaintiffs.  (*See* Blonder Decl. ¶4–5 [Doc. 80].)  These costs apparently include "photocopying expenses, travel expenses, discovery vendor changes, transcript cots, translator fees, and trial graphics and presentation costs."  (*Id.* ¶4.)  But none of these "estimated" costs are itemized or further detailed in any way.  Leviton states only a bald figure and no more.  Courts are not required to order security on such a purely speculative and unsupportable amount.  *See, e.g.*, *Int'l Equity Invs., Inc. v. Opportunity Equity Partners*, 441 F.Supp.2d 552, 566 (S.D.N.Y. 2006).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court decline to require a bond.  In the alternative, Plaintiffs request that the Court require a bond of $2,000.00.

Dated:  January 31, 2011

Respectfully submitted,

 /s/ Roger E. Michener
Roger E. Michener
  New Mexico Bar No. 9008
MICHENER LAW FIRM, LLLC
P.O. Box 400
Placitas, New Mexico 87043-0400
Phone (505) 771-1728

*Attorney for Plaintiffs*

Mark J. Rosenberg
SILLS CUMMIS & GROSS P.C.
One Rockefeller Plaza
New York, New York 10020
Phone (212) 500-1563
Facsimile (212) 643-6500

*Attorney for Plaintiffs*
  *Harbor Freight Tools USA, Inc. and*
  *Central Purchasing, LLC*

William F. Long
Ann G. Fort
Lei Fang
Joshua D. Curry
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street N.E.
Atlanta, Georgia 30309-3996
Phone (404) 853-8000
Facsimile (404) 853-8806

*Attorneys for Plaintiffs*
  *General Protecht Group, Inc., f/k/a Zhejiang*
  *Dongzheng Electrical Co.,*
  *SecurElectric Corporation,*
  *G-Techt Global Corporation, and*
  *Warehouse-Lighting.com LLC*

## **CERTIFICATE OF SERVICE**

I certify that on January 31, 2011, I filed the foregoing document using the CM/ECF System in the United States District Court for District of New Mexico, which caused the following counsel of record for the parties to be served by electronic mail, as more fully reflected on the notice of electronic filing:

| | |
|---|---|
| Larry L. Shatzer | Robin L. Brewer |
| Shaun R. Snader | Stefani E. Shanberg |
| WILSON, SONSINI, GOODRICH & ROSATI, P.C. | WILSON, SONSINI, GOODRICH & ROSATI, P.C. |
| 1700 K Street, NW, 5th Floor | 650 Page Mill Road |
| Washington, DC 20006 | Palo Alto, CA 94304 |
| lshatzer@wsgr.com | rbrewer@wsgr.com |
| ssnader@wsgr.com | sshanberg@wsgr.com |

Emil Kiehne
MODRALL SPERLING ROEHL HARRIS & SISK PA
500 Fourth Street, N.W.
P.O. Box 2168
Albuquerque, NM 87103
ekiehne@modrall.com

                                                      */s/ Roger E. Michener*

11106591.1