## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GENERAL PROTECHT GROUP, INC., f/k/a
ZHEJIANG DONGZHENG ELECTRICAL,
CO., G-TECHT GLOBAL CORPORATION;
SECURELECTRIC CORPORATION;
WAREHOUSE-LIGHTING.COM LLC;
CENTRAL PURCHASING, LLC; and
HARBOR FREIGHT TOOLS USA, INC.,

       Plaintiffs,

vs.                                                                              No. CIV 10-1020 JB/LFG

LEVITON MANUFACTURING CO., INC.,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) GPG's Notice of Filing of Letter to Judge

Browning, filed May 2, 2011 (Doc. 124) and accompanying Letter Motion for Protective Order from

Plaintiff General Protect Group, Inc. to the Court, filed May 2, 2011 (Doc. 124-1); and (ii)

Defendant Leviton Manufacturing Co., Inc.'s Motion to Compel Deposition Testimony From

Huaiyin Song, filed May 4, 2011 (Doc. 127). The Court held a hearing on May 16, 2011. The

primary issues are: (i) whether the Court should grant Plaintiff General Protecht Group, Inc.

("GPG") an order pursuant to rule 26(c) and 30(d)(3) of the Federal Rules of Civil Procedure

protecting it from Defendant Leviton Manufacturing Co., Inc.'s demand that GPG's 30(b)(6) witness

Huaiyin Song answer certain questions regarding contemplated future design changes to GPG's

ground fault circuit interrupter ("GFCI") products; and (ii) whether the Court should compel GPG

to produce Song for another deposition in Washington, D.C. pursuant to rule 37(a) and D.N.M.LR-

Civ. 37.1 so that he can answer the questions GPG's counsel instructed him not to answer during

the deposition on April 26, 2011.  GPG argues that contemplated design changes are not relevant to the claims and defenses in this action and are therefore not discoverable.  Leviton Manufacturing argues that the questions posed to Song are relevant to what GPG products should be included within the scope of the Settlement Agreement.  It argues that the Settlement Agreement includes within its scope products that conform in all material respects to a product described in Exhibit B to the Settlement Agreement.  Leviton Manufacturing contends that GPG has asserted that a number of its products fall within the scope of the Settlement Agreement by virtue of conforming in all material respects.  Leviton Manufacturing argues that contemplated design changes and the reasons for those changes may shed light on what it means to conform in all material respects -- for example, if GPG contemplated a design change but decided against such a change because it would fall outside the scope of the Settlement Agreement, it would be relevant to what constitutes a material difference.  Leviton Manufacturing also argues that, if the release of a new, redesigned product is imminent, the product may be a GPG product within the scope of discovery.  The Court believes that the relevance of the information Leviton seeks is marginal, but the discovery "appears reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1), particularly to the issues about what it means to conform in all material respects.  For these reasons, and the reasons stated on the record at the hearing, the Court will deny GPG's motion for protective order and will grant Leviton's motion to compel.  The Court compels GPG to produce Song for a telephonic deposition in Hong Kong.[1]  Because counsel for Leviton would have had to ask the questions in Song's April 26, 2011 deposition, the Court will order only that GPG bear the cost of the appearance

---

[1] While the Court is not convinced that the four questions that need to be asked and answered justify Song returning to Washington, D.C., the parties told the Court that it was illegal for a Chinese resident to be deposed in the Republic of China.  The Court and the parties thus agreed to have Song travel to Hong Kong, where depositions remain legal, to complete the deposition.

fee for the court reporter.

**IT IS ORDERED** that: (i) GPG's Notice of Filing of Letter to Judge Browning, filed May 2, 2011 (Doc. 124) and accompanying Letter Motion for Protective Order from Plaintiff General Protect Group, Inc. to the Court, filed May 2, 2011 (Doc. 124-1), is denied; and (ii) Defendant Leviton Manufacturing Co., Inc.'s Motion to Compel Deposition Testimony From Huaiyin Song, filed May 4, 2011 (Doc. 127), is granted in part and denied in part.  The Court will not compel Plaintiff General Protect Group, Inc. ("GPG") to produce Huaiyin Song for a deposition in Washington, D.C., but it compels GPG to produce Mr. Song for a telephonic deposition in Hong Kong and to bear the cost of the appearance fee for the court reporter.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Roger Michener
Michener Law Firm, LLC
Placitas, New Mexico

     *Attorney for the Plaintiffs*

William F. Long
Ann G. Fort
Joshua D. Curry
Lei Fang
Sutherland Asbill & Brennan, LLP
Atlanta, Georgia

     *Attorneys for Plaintiffs General Protecht Group, Inc.,*
      *SecurElectric Corporation, G-Techt Global Corporation,*
      *and Warehouse-Lighting.com LLC*

Mark J. Rosenberg
Sills Cummis & Gross, P.C.
New York, New York

>    *Attorneys for Plaintiffs Harbor Freight Tools USA, Inc.*
>        *and Central Purchasing, LLC*

Emil Kiehne
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

--and--

Robin L. Brewer
Stefani E. Shanberg
Wilson, Sonsini, Goodrich & Rosati, P.C.
Palo Alto, California

-- and --

Larry L. Shatzer
Shaun R. Snader
Wilson, Sonsini, Goodrich & Rosati, P.C.
Washington, D.C.

>    *Attorneys for Defendant Leviton Manufacturing Co.*