**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION**

GENERAL PROTECHT GROUP, INC., f/k/a
ZHEJIANG DONGZHENG ELECTRICAL,
CO.; G-TECHT GLOBAL CORPORATION;
SECURELECTRIC CORPORATION;
WAREHOUSE-LIGHTING.COM LLC;
CENTRAL PURCHASING, LLC; and
HARBOR FREIGHT TOOLS USA, INC.,

        Plaintiffs,

        v.

LEVITON MANUFACTURING CO., INC.,

        Defendant.

Civ. No. 10-cv-01020-JB-LFG

**LEVITON MANUFACTURING CO., INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO DISMISS PATENT CLAIMS AND COUNTERCLAIMS</u>**

Defendant Leviton Manufacturing Co., Inc. ("Leviton") respectfully requests an order dismissing its First and Second Counterclaims ("Patent Counterclaims") with prejudice under Fed. R. Civ. P. 41(a)(2) and Plaintiffs' Claims II-VIII ("Patent Claims") for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The Patent Counterclaims allege infringement of U.S. Patent Nos. 7,463,124 ("the '124 patent") and 7,764,151 ("the '151 patent"), and the Patent Claims seek declaratory relief consisting of infringement defenses for these same patents. The dismissal of its Patent Counterclaims with prejudice by Leviton, coupled with the this Court's decision, as affirmed by the U.S. Court of Appeals for the Federal Circuit, finding that Plaintiffs have an implied license to the '124 and '151 patents for the products currently at

issue[1], render moot both the Patent Counterclaims and Patent Claims. Thus, dismissing these claims is appropriate. [2]

## I.   BACKGROUND

Plaintiffs' Complaint contains Counts I-X. Counts II-VIII all seek declaratory judgments that Plaintiffs have defenses to infringement claims based on the '124 and '151 patents. Specifically, Plaintiffs seek declaratory judgments of non-infringement (Counts II-IV), invalidity (Counts V-VI), prosecution laches (Count VII), and inequitable conduct (Count VIII) with respect to the '124 and '151 patents. Dkt. No. 1 at pgs. 10-22. Counts I, IX, and X assert entitlement to injunctive relief based on a forum selection clause, an exceptional case under 35 U.S.C. § 285, and breach of contract, respectively. *Id*. at pgs. 9-10, 22-23.

Leviton answered the Complaint by, *inter alia*, asserting three counterclaims, including the two Patent Counterclaims. The Patent Counterclaims alleged infringement of the '124 and '151 patents. Dkt. No. 59 at pgs. 19-22. Leviton also asserted a third counterclaim, a trade secret misappropriation counterclaim against GPG that is not the subject of this motion. *Id*. at pgs. 22-24.

On Plaintiffs' motion, the Court issued a preliminary injunction on November 30, 2010 (Dkt. 41), and the Court clarified that preliminary injunction on December 7, 2010, (Dkt. 52) at

---

[1] Plaintiff General Protecht Group, Inc. ("GPG") identified its current and past products in response to Leviton's interrogatories and at a Rule 30(b)(6) deposition, and this motion assumes those responses were complete and accurate.

[2] There were patent infringement claims against Defendants Warehouse Lighting.com LLC, Harbor Freight Tools USA, Inc. and Central Purchasing, LLC that were outside the scope of the 2007 Settlement Agreement and its covenant not to sue. Those claims, however, were settled during the co-pending investigation before the International Trade Commission and, thus, the only remaining patent infringement claims in this case relate to the GPG products that are the subject of the 2007 Settlement Agreement and its covenant not to sue.

Leviton's request. Leviton appealed the preliminary injunction orders, and the Federal Circuit affirmed on July 8, 2011. *General Protecht Group, Inc. v. Leviton Mfg. Co., Inc.*, 651 F.3d 1355 (Fed. Cir. 2011).[3]

The basis for the injunction order and the central issue on appeal was whether a settlement agreement entered into between Leviton and Plaintiffs in 2007 ("Settlement Agreement") provided Plaintiffs with an implied license to the '124 and '151 patents for the products described in the Settlement Agreement, which consist of past and current GPG products. The Federal Circuit held that Plaintiffs do have an implied license to the '124 and '151 patents for the products described in the Settlement Agreement. *Id*. The Federal Circuit's decision on this question of law is binding on Leviton, is the law of the case, and precludes Leviton from asserting that products within the scope of the Settlement Agreement infringe the '124 and '151 patents.

## II.  THE PATENT CLAIMS AND PATENT COUNTERCLAIMS SHOULD BE DISMISSED

Under controlling law, Leviton's motion to dismiss its Patent Counterclaims with prejudice, coupled with the implied license to the '124 and '151 for past and current GPG products, renders the Patent Claims and Patent Counterclaims moot. Indeed, a dismissal of Leviton's Patent Counterclaims with prejudice forecloses Leviton from asserting the '124 and '151 patents against Plaintiffs for the products at issue in this case, which are past and current products manufactured by GPG as identified by GPG in discovery in this case. Consequently, there is no longer a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See*

---

[3] The Federal Circuit's mandate issued on October 3, 2011.

*MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007). Because no case or controversy remains, the Court lacks subject matter jurisdiction under 28 U.S.C. §§ 2201 *et seq.* over the Patent Claims, which are all declaratory judgment claims. *Benitec Australia, Ltd. v. Nucleonics*, Inc., 495 F.3d 1340, 1347-48 (Fed. Cir. 2007).

This is illustrated quite clearly by *Benitec*. In that case the patent owner, Benitec, sued for infringement of a patent covering a disease therapy, but then moved to dismiss its original claims without prejudice under Fed. R. Civ. P. 41(a)(2) in light of a Supreme Court decision regarding pharmaceutical research. Benitec also promised not to sue for past or current acts of infringement. The district court granted Benitec's motion to dismiss and dismissed defendants' counterclaims for invalidity and unenforceability due to lack of subject matter jurisdiction under the Declaratory Judgment Act. *Id.* at 1342-43. The Federal Circuit affirmed holding that the district court had jurisdiction over defendants' counterclaims when first filed, but Benitec's motion to dismiss and covenant not to sue divested the court of jurisdiction under Section 2201 and rendered the counterclaims moot.

Here, as in *Benitec*, Leviton has moved to dismiss its Patent Counterclaims. Moreover, the Federal Circuit has held that a covenant not to sue already exists. Specifically, the Federal Circuit held that the Settlement Agreement's covenant not to sue on the '766 patent for the products described in the Settlement Agreement created an implied license to the '124 and '151 patent for those same products. *General Protecht*, 651 F.3d 1355. Thus, there is no longer any "substantial controversy," which is necessary to provide jurisdiction over the Patent Claims.

*Benitec* is not an isolated occurrence. Subsequent cases have held that declaratory judgment claims should be dismissed when there is no longer a threat of the same future

litigation.  *See, e.g.*, *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1060 (Fed. Cir. 1995)[4]; *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1346-47 (Fed. Cir. 2010).

Dismissing the Patent Claims and Patent Counterclaims will have a substantial practical benefit.  Dismissal will greatly simplify the case and reduce the burden on both the Court and parties by avoiding unnecessary discovery and motions practice, for example.  The parties will be left to focus on the issues that remain in dispute.

### III.    CONCLUSION

Leviton respectfully requests that the Patent Claims and Patent Counterclaims be dismissed.  Dismissing the Patent Claims and Patent Counterclaims will simplify these proceedings and reduce the burden on both the Court and the parties.

Dated: October 11, 2011                    Respectfully submitted,

/s/ *Emil J. Kiehne*
Emil J. Kiehne
Modrall, Sperling, Roehl, Harris
& Sisk, P.A.
500 Fourth Street, N.W., Suite 1000
P.O. Box 2168
Albuquerque, New Mexico 87103
Telephone: 505-848-1800
Facsimile: 505-848-1889
E-mail: ejk@modrall.com

---

[4] *Super Sack* remains viable for this principle even after *MedImmune*.  *See Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009) (explaining continued viability of *Super Sack*).

| | |
|---|---|
| Stefani E. Shanberg | Larry L. Shatzer |
| Robin L. Brewer | Shaun R. Snader |
| Wilson Sonsini Goodrich & Rosati, P.C. | Wilson Sonsini Goodrich & Rosati, P.C. |
| 650 Page Mill Road | 1700 K Street, NW |
| Palo Alto, CA 94304 | Fifth Floor |
| Phone: 650-493-9300 | Washington, DC 20006 |
| Fax: 650-493-6811 | Phone: 202-973-8800 |
| E-mail: sshanberg@wsgr.com | Fax: 202-973-8899 |
| E-mail: rbrewer@wsgr.com | E-mail: lshatzer@wsgr.com |
| | E-mail: ssnader@wsgr.com |

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2011, I filed the foregoing document electronically through the CM/ECF System, which caused the following counsel for the parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Ann G. Fort | William F. Long |
| ann.fort@sutherland.com | bill.long@sutherland.com |
| | |
| Roger Michener | Mark J. Rosenberg |
| michener@redthistle.com | mrosenberg@sillscummis.com |
| | |
| Joshua D. Curry | Lei Fang |
| josh.curry@sutherland.com | lei.fang@sutherland.com |

By: /s/ *Emil J. Kiehne*
     Emil J. Kiehne

K:\dox\client\80670\113\W1566017.DOC