UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION

| | |
|---|---|
| GENERAL PROTECHT GROUP, INC., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>LEVITON MANUFACTURING CO., INC.,<br><br>Defendant. | Civ. No. 10-cv-01020-JB-LFG |

**BRIEF IN SUPPORT OF GENERAL PROTECHT
GROUP PLAINTIFFS' MOTION TO TAX COSTS**

Pursuant to Federal Rule of Civil Procedure 54(d), 28 U.S.C. § 1920 and Local Rules 7, 54.1 and 54.2, Plaintiffs General Protecht Group, Inc., f/k/a Zhejiang Dongzheng Electrical Co., SecurElectric Corporation, G-Techt Global Corporation, and Warehouse-Lighting.com LLC (collectively "GPG") hereby submit their brief in support of their Motion to Tax Costs.  In light of this Court's Memorandum Opinion and Order entered May 12, 2012, and its Final Judgment entered May 14, 2012, as well as the Preliminary Injunction entered on December 7, 2010, and affirmed by the U.S. Court of Appeals for the Federal Circuit on July 8, 2011, GPG is the prevailing party in this matter and it is entitled to reimbursement of costs by Defendant Leviton Manufacturing Co., Inc.

**I.     STATEMENT OF FACTS**

Leviton and GPG are both manufacturers of ground fault circuit interrupters ("GFCIs"). In 2004 and 2005, Leviton sued GPG and three other defendants in the District of New Mexico for infringement of U.S. Patent Nos. 6,246,558 and 6,864,766 ("'558 patent" and "'766 patent" respectively).  *General Protecht Group Inc. v. Leviton Manufacturing Co., Inc.*, 651 F.3d 1355,

17622700.2

1357 (Fed. Cir. 2011). In 2007, the parties settled that lawsuit pursuant to the terms of a confidential settlement agreement ("Settlement Agreement"). *Id*. The Settlement Agreement included the following covenant not to sue:

> 2.1 . . . Leviton also hereby covenants not to sue (1) Defendants . . . for alleged infringement of the '558 and/or '766 patents based on the Dongzheng products currently accused of infringement . . . and (2) Defendants . . . for alleged infringement of the '558 patent and/or the '766 patent with respect to an anticipated future new GFCI product that Defendant Dongzheng has indicated its intent to market in the U.S. in the future, provided however that [the future product conforms to a submitted design].

*Id*. (citing *Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.,* No. 10-cv-1020, 2010 U.S. Dist. LEXIS 137160, 2010 WL 5559750, at *2 (D.N.M. 2010)). The Settlement Agreement also specified that the covenant not to sue applied to customers of the defendants, and that "Leviton . . . agrees that Defendants' customers are intended beneficiaries . . . and . . . can enforce such provisions against Leviton . . . ." *Id*. at 1358.

In addition, the Settlement Agreement included the following clause entitled "Governing Law/Venue":

> Any dispute between the Parties relating to or arising out of this [Settlement Agreement] shall be prosecuted exclusively in the United States District Court for the District of New Mexico. The Parties consent to the venue and jurisdiction of such court for this purpose.

*Id*. (citing *Gen. Protecht,* 2010 U.S. Dist. LEXIS 137160, 2010 WL 5559750, at *3).

In September 2010, Leviton filed a complaint with the International Trade Commission ("ITC") alleging infringement by GPG and its U.S. distributors (the other Appellees here) of U.S. Patents Nos. 7,463,124 and 7,764,151 ("'124 patent" and "'151 patent" respectively). *Id*. at 1358. Around the same time, Leviton filed a complaint against Appellees and other defendants in the Northern District of California alleging infringement of the same two patents. *Id*. The '124 and '151 patents are both continuations ultimately depending from the applications that issued as the

'558 and '766 patents. *Id*. Both the '124 and '151 patents issued after the Settlement Agreement was executed and the prior litigation was resolved. *Id*.

Following receipt of these complaints, GPG informed Leviton that it believed it had a license to practice the asserted patents under the Settlement Agreement, and that Leviton was required to bring its case in the District of New Mexico pursuant to the forum selection clause in the same agreement. *Id*. The parties were unable to agree, and defendants filed a complaint in the District of New Mexico asserting declaratory-judgment claims for breach of contract, non-infringement, and invalidity. *Id*. GPG also moved in New Mexico for a temporary restraining order and a preliminary injunction against Leviton's continued litigation of the dispute outside of New Mexico. *Id*.

The New Mexico district court granted the preliminary injunction enforcing the forum selection clause of the Settlement Agreement. *Id*. The district court found that there was a likelihood of success on the merits because GPG had asserted a defense of implied license, which likely triggered the forum selection clause, and because GPG was likely to succeed on the merits of this defense. *Id*. (citing *Gen. Protecht,* 2010 U.S. Dist. LEXIS 137160, 2010 WL 5559750, at *1). The district court also considered the other three preliminary injunction factors (irreparable harm, balance of hardships, public interest) and found that each favored entry of a preliminary injunction. *Id*. at 1358.

Leviton appealed and was granted expedited review by the U.S. Court of Appeals for the Federal Circuit. *Id*. The Federal Circuit denied Leviton's request for a stay of enforcement of the preliminary injunction pending its appeal. *Id*. Thus, Leviton voluntarily dismissed its California action and moved to dismiss the ITC case. *Id*. This motion was granted. *Id*. The Federal Circuit affirmed the District Court's grant of preliminary injunction enforcing the forum

selection clause of the Settlement Agreement. *Id*. at 1366. Leviton subsequently agreed to dismiss with prejudice its counter-claims for patent infringement, thereby rendering moot plaintiffs' request for declaratory judgment for breach of contract, non-infringement and invalidity. *Memorandum Opinion and Order ("MOO")*, May 12, 2012, at 10-11.

On May 14, 2012, this Court entered Final Judgment enacting Leviton's agreement to dismiss its patent infringement claims (Counterclaim Counts I & II) against all Plaintiffs with prejudice. That judgment also dismissed all the remaining claims and counterclaims. Some were dismissed because Leviton's dismissal with prejudice rendered them moot (Complaint Counts III-VIII). Others were dismissed because this Court lacked jurisdiction over the claim (Counterclaim Count III), or because this Court declined to exercise its supplemental jurisdiction over the claim (Complaint Count I & X). *Final Judgment*, May 14, 2012; *MOO* at 2. Count IX – seeking an exceptional case finding under 35 U.S.C. § 285 – was deferred for post-judgment proceedings. *MOO* at 2.

## II.  LEGAL ARGUMENT AND CITATION OF AUTHORITY

Having obtained an injunction prohibiting Leviton from prosecuting its patent infringement claims outside of this venue and finding the existence of an implied license to the asserted patents, and having obtained Leviton's eventual voluntary dismissal of its patent infringement claims with prejudice following the affirmance of that injunction, GPG is a prevailing party entitled to taxation of costs incurred in this litigation for those itemized costs found in the Bill of Costs filed herewith.

**A.  GPG Is a Prevailing Party and Is Entitled to Costs Under Federal Rule 54(d).**

Rule 54 of the Federal Rules of Civil Procedure provides, in pertinent part, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--

should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The test for determining whether a party is a prevailing party in patent litigation, as articulated by the Federal Circuit, requires that "one must 'receive at least some relief on the merits,' which 'alters . . . the legal relationship of the parties.'" *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004), *citing Former Employees of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1364 (Fed. Cir. 2003) and *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-05, 149 L. Ed. 2d 855, 121 S. Ct. 1835 (2001).[1]

A party need not prevail on all its claims to be declared the prevailing party under Rule 54(d). *See, e.g.*, *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996) (holding that the movant prevailed for purposes of Rule 54(d) when it successfully challenged the validity of its opponent's patent, even though the movant lost on its antitrust and unfair competition claims); *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A.* 464 F.3d 1339, 1348-49 (Fed. Cir. 2006)(patent owner obtaining an injunction and damage award on two asserted patents is prevailing party). The Federal Circuit has deemed parties to be prevailing for this purpose under numerous circumstances. For example, in *Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.*, the Federal Circuit held that a defendant could qualify for attorney fees and costs when the defendant won on the issue of invalidity by virtue of collateral estoppel. 182 F.3d 1356, 1359-60 (Fed. Cir. 1999). Similarly, in *PPG Industries Inc. v. Celanese Polymer Specialties Co.*, although the court did not expressly determine that the defendant was a prevailing party, the court awarded attorney fees to the defendant following the reopening of a

---

[1] In patent infringement cases, Federal Circuit law applies to the determination of prevailing party status under Rule 54. *Inland Steel*, 364 F.3d at 1320. Regional circuit law governs the allowance or disallowance of specific costs under 18 U.S.C. § 1920. *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004).

case in which the district court stayed the action pending a reissue examination that resulted in the PTO canceling the patent. 840 F.2d 1565, 1567 (Fed. Cir. 1988).

GPG is the prevailing party for two independent reasons:

*First*, GPG is the prevailing party because the Court granted its request for preliminary injunction to enforce the forum selection clause of the Settlement Agreement, and determining GPG would likely succeed on the merits based on its defense of implied license.

*Second*, GPG is the prevailing party because Leviton dismissed its patent infringement counter-claims against it with prejudice without any agreement between the parties that each would bear its own costs.

### 1. GPG Is a Prevailing Party Because the Court Granted Its Request for Preliminary Injunction.

This Court granted GPG's request for a preliminary injunction of Leviton's patent infringement claims in California and before the ITC, specifically holding that GPG was likely to succeed on the merits of the dispute based on its defense of implied license. The Federal Circuit affirmed this Court's ruling. Based on these facts, GPG is a prevailing party for purposes of taxation of costs. Based on the Federal Circuit test, this ruling provided (1) relief on the merits, that (2) altered the legal relationships of the parties. *See Inland Steel*, 364 F.3d at 1320. Other Federal Circuit decisions addressing Rule 54(d) have cited injunctions as a basis for declaring prevailing party status for purposes of this Rule. *See Kemin Foods*, 464 F.3d at 1348-49; *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1480 (Fed. Cir. 1998)(obtaining injunction may confer prevailing party status).

This view is consistent with the law of the Tenth Circuit:

in order for a preliminary injunction to serve as the basis for prevailing-party status, the injunction must provide at least some relief on the merits of the plaintiff's claim(s). A preliminary injunction provides relief on the merits when it

>   (a) affords relief sought in the plaintiff's complaint and (b) represents an unambiguous indication of probable success on the merits.

*Kansas Judicial Watch v. Stout*, 653 F.3d 1230, 1238 (10th Cir. 2011).[2] The preliminary injunction granted by this Court provided relief on the merits to GPG by enjoining the California and ITC litigation. Moreover, the Court unambigously indicated that GPG would likely succeed on the merits of its case, and the Federal Circuit affirmed. *See* 651 F.3d at 1358. This ruling also led to Leviton's dismissal with prejudice of its patent claims. Thus, GPG is a prevailing party.

>   2. **GPG Is a Prevailing Party Because Leviton Dismissed Its Counter-Claims With Prejudice and GPG Did Not Agree to Bear Its Own Costs.**

After losing its appeal of this Court's preliminary injunction, Leviton dismissed its patent infringement counter-claims against GPG and other plaintiffs, thereby conferring prevailing party status on GPG. It is the Federal Circuit's standing rule that a dismissal of patent infringement claims with prejudice makes the accused infringer the prevailing party for purposes of Rule 54. "The dismissal of a claim with prejudice . . . is a judgment on the merits under the law of the Federal Circuit." Where the patent owner plaintiff ultimately dismisses its claims with prejudice, the accused infringer is the prevailing party under Rule 54(d). *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004).

---

[2] Although the issue in *Kansas Judicial Watch* was whether the plaintiff was entitled to attorney fees as a prevailing party under 42 U.S.C. § 1988, "in general the litigant who is the prevailing party for purposes of attorney's fees is also the prevailing party for purposes of costs." *Barber v. Williamson*, 254 F.3d 1223, 1234 (10th Cir. 2001). Likewise, the Tenth Circuit has recognized that prevailing party determination is generally the same under Rule 54(d)(1) and 42 U.S.C. § 1988. *Id.* (citing *Tunisian v. Continental Airlines Corp., Inc.*,162 F.3d 1187, 1189-90 (D.C. Cir. 1998).)

In this case, the only party that actually received any relief on its claims was GPG. It obtained a preliminary injunction declaring the settlement agreement to be an implied license, and enforcing the forum selection clause as sought by GPG. The Federal Circuit affirmed that injunction in July 2011. Finally, after several more months of litigation, Leviton agreed to dismiss its patent infringement claims with prejudice. *MOO* at 10. This dismissal provided relief on these merits, and altered the legal relationship of the parties because Leviton is clearly precluded from bringing suit against GPG based on the product designs that the dismissed infringement claims would have reached.

> Again, the Federal Circuit law is also consistent with the law of the Tenth Circuit, where
>
> a defendant is a prevailing party under Rule 54 when, in circumstances not involving settlement, the plaintiff dismisses its case against the defendant, whether the dismissal is with or without prejudice. . . . Thus, in cases not involving a settlement, when a party dismisses an action with or without prejudice, the district court has discretion to award costs to the prevailing party under Rule 54(d).

*Cantrell v. International Broth. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 458 (10th Cir. 1995). Based on this standard, GPG is unquestionably a prevailing party.

**C.     The Recovery of Costs Sought By GPG Are Permitted Under 28 U.S.C. 1920 and Local Rule 54.2.**

As noted above, regional circuit law governs the question of what costs to award under Rule 54(d) and 28 U.S.C. § 1920. "Rule 54 creates a presumption that the district court will award costs to the prevailing party." *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1526 (10th Cir. 1997); *see also A.D. v. Deere & Co.,* 229 F.R.D. 189, 192 (D.N.M. 2004) (noting "[t]he presumption is that the court should award the prevailing party costs."). "Only a showing that an award would be inequitable under the circumstances can overcome the presumption in favor of awarding costs to the prevailing party." *Mountain Highlands, LLC v. Hendricks*, 2010 WL 1631856, 4 (D.N.M. 2010). As set forth more fully in the Bill of Costs and Declaration of

William F. Long filed herewith, the costs sought by GPG are permitted to be taxed pursuant 28 U.S.C. 1920 and Local Rule 54.2, which define those costs taxable by this Court. The costs included in the Bill of Costs – totaling $9,243.49 -- were necessary to the litigation as defined by 28 U.S.C. 1920 and Local Rule 54.2. *See* Bill of Costs*;* Long Declaration. GPG seeks to recover the costs it incurred for filing the complaint, obtaining copies of deposition transcripts, hearing transcripts and Chinese translation services, all of which are permissible under 28 U.S.C. 1920 and Local Rule 54.2.

D.N.M.LR-Civ. 54.2(b) provides that costs for deposition transcripts are taxable when the deposition is reasonably necessary to the litigation. Four depositions were taken in the case. Because no trial took place, the transcripts only could be used if relevant to motions. The Song deposition was used to support GPG's summary judgment motion of March 8, 2012. The rest were obtained in preparation for trial, which only became unnecessary after Leviton agreed to dismiss its claims late in the case. "[C]aution and proper advocacy may make it incumbent on counsel to prepare for all contingencies with may arise during the course of litigation," including the "possibility of trial." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998). *See also, In re Williams Sec. Litig – WCG Subclass*, 2558 F.3d 1144, 1148 (10th Cir. 2009) (courts should not employ hindsight in determining whether requested costs are reasonably necessary for litigation; determination should be based solely on the particular facts and circumstances at the time the expense was incurred). Because all of the depositions were reasonably necessary for a trial, the Court should award GPG these costs.

In addition, the costs of transcripts of Court proceedings are recoverable when "necessarily obtained for the use in the case." 28 U.S.C. § 1920(2). GPG seeks transcript costs for various Court proceedings, including the Temporary Restraining Order and Preliminary

17622700.2 9

Injunction hearing, and hearings on pre-trial motions.  GPG made extensive use of hearing transcripts throughout its filings in this case.  All of these transcript expenses were reasonably necessary to this litigation.

Under 28 U.S.C. § 1920(1), the fees of the Clerk are recoverable.  GPG also requests reimbursement for its $350.00 filing fee.

To the extent any of the costs sought fall outside of the taxable costs enumerated in Local Rule 54.2, "[t]he Tenth Circuit appears to recognize that district courts have "more general statutory authority" under 28 U.S.C. § 1920, beyond their local rules." *Guidance Endodontics, LLC v. Dentsply Intern., Inc.*, 791 F. Supp.2d 1014, 1019 (D.N.M. 2011).  Therefore, pursuant to 28 U.S.C. 1920 and Local Rule 54.2, as a prevailing party in this action, GPG is entitled to recover any costs listed in its Bill of Costs not specifically approved by local rule.

## CONCLUSION

For the reasons set forth above, GPG respectfully requests this Court grant its motion and tax costs against Leviton in the amount of $9,243.49 pursuant to Federal Rule of Civil Procedure 54(d), 28 U.S.C. § 1920 and Local Rules 54.1 and 54.2.

Dated:  June 13, 2012                                   Respectfully submitted,

                                                         /s/ Roger E. Michener
                                                        Roger E. Michener
                                                          New Mexico Bar No. 9008
                                                        MICHENER LAW FIRM, LLLC
                                                        P.O. Box 400
                                                        Placitas, New Mexico 87043-0400
                                                        Phone (505) 771-1728

                                                        *Attorney for Plaintiffs*

       Ann G. Fort
       Lei Fang
       SUTHERLAND ASBILL & BRENNAN LLP
       999 Peachtree Street N.E.
       Atlanta, Georgia 30309-3996
       Phone (404) 853-8000
       Facsimile (404) 853-8806

       *Attorneys for Plaintiffs*
        *General Protecht Group, Inc., f/k/a Zhejiang*
        *Dongzheng Electrical Co.,*
        *SecurElectric Corporation,*
        *G-Techt Global Corporation, and*
        *Warehouse-Lighting.com LLC*

**CERTIFICATE OF SERVICE**

      I certify that on June 13, 2012, I caused the foregoing document to be filed using the CM/ECF System in the United States District Court for District of New Mexico, which caused counsel of record for the parties to be served by electronic mail, as more fully reflected on the notice of electronic filing.

                                               */s/ Roger E. Michener*